UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Datian Jianchang Trading Co., Ltd., <br><br> *Plaintiff*, <br><br> v. <br><br> Goodegg Stuff LLC, <br><br> *Defendant*. | Case No. 2:25-cv-2585 <br><br> **Complaint for Declaratory Judgment** <br><br> **Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Datian Jianchang Trading Co., Ltd. d/b/a Tizuxa Store ("Tizuxa Store") ( "Plaintiff"), against Defendant Goodegg Stuff LLC ("Defendant"), seeking a declaration that Plaintiff's Egg Washer products (the "Accused Product" or "Egg Washer") do not directly or indirectly infringe U.S. Patent No. 12, 453, 337 B2 ("the '337 Patent"), either literally or under the doctrine of equivalents, and/or that the '337 Patent is invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

-1-

1. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product is at risk of being removed from Amazon through enforcement of the '337 Patent.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that Defendant's '337 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

3. Plaintiff Datian Jianchang Trading Co., Ltd. is a company organized under the laws of the People's Republic of China, with its principal place of business at Room 406, Building A, No. 3, Houban Yang, Junxi Town, Datian County, Fujian Province 366100, People's Republic of China.

4. Upon information and belief, Defendant Goodegg Stuff LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its registered agent, Northwest Registered Agent Service, Inc., located at 8 The Green, Suite B, Dover, Delaware 19901.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6. An actual case or controversy exists between the parties to this action. Defendant has accused Plaintiff's Amazon listings of infringing the '337 Patent and demanded that Plaintiff either settle or participate in Amazon's "Patent Evaluation Express," under threat that the listings

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

will be removed if Plaintiff does not comply. Defendant's ongoing enforcement efforts place the Accused Product at continuing risk of removal from Amazon and cast a cloud over Plaintiff's competitive position. These actions have caused, and continue to cause, concrete injury traceable to Defendant and redressable by this Court, thereby giving rise to an actual controversy under 28 U.S.C. § 2201 et seq.

7. This Court has personal jurisdiction over Defendant in this action at least because Defendant purposefully directed its patent-enforcement activities into this District, including by initiating and prosecuting an Amazon "Patent Evaluation Express" ("APEX") patent-enforcement proceeding against Plaintiff's accused Amazon listings and by transmitting and causing the transmission of APEX takedown and enforcement communications to Amazon personnel located in Seattle, Washington, with the foreseeable and intended effect of removing Plaintiff's product listings and disrupting Plaintiff's sales in this District. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

8. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

### THE FACTUAL BACKGROUND

9. Plaintiff designs, sources, and sells Egg Washer on Amazon.com and other ecommerce channels. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

10. Upon information and belief, the '337 Patent is owned by Goodegg Stuff LLC, as reflected in the USPTO's assignment records. On December 3, 2025, Amazon notified Plaintiff that Defendant had reported Plaintiff's Accused Product as infringing the '337 Patent, and stated that unless Plaintiff either resolved the claim with Defendant within three weeks or entered Amazon's neutral Patent Evaluation Express (APEX) process and paid a deposit, Amazon intended to remove Plaintiff's listing and any materially identical variants.

11. In connection with the Amazon Patent Evaluation Express ("APEX") process, Defendant submitted an executed Amazon Patent Evaluation Express Agreement identifying, among other things: (i) "Patent Owner" Tim Rowberry, with a physical address at 7977 Olympus St., Midvale, Utah 84047; (ii) an individual contact for the Patent Owner or the Patent Owner's authorized representative, Cade Parker; (iii) contact email tim@goodeggstuff.co; (iv) Brand Registry "GoodEgg"; (v) Amazon Complaint ID 18950497211; (vi) the asserted patent, U.S. Patent No. 12,453,337 B2; (vii) Claim 1 as the "Patent Claim Number for Evaluation"; and (viii) the accused ASINs B0DYVFC6XN, B0D3SZX5PW, and B0F4QJ1YB9, dated December 1, 2025. *See* **Exhibit B**.

12. Plaintiff denies that Accused Product infringes any valid and enforceable claim of the '337 Patent and disputes Defendant's accusations. Plaintiff further contends that one or more claims of the '337 Patent are invalid and/or unenforceable.

13. Defendant's APEX complaint and Amazon's ensuing enforcement notice and threatened removal have caused and continue to cause immediate and concrete harm to Plaintiff, including lost sales (and the chilling of prospective sales), damage to goodwill, disruption of inventory and advertising planning, diversion of resources to address the complaint, and ongoing business uncertainty.

14. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain its product listings on Amazon. Defendant's action has placed Plaintiff's listings in imminent danger of removal from Amazon, thereby threatening to cut off access to Plaintiff's most significant channel of trade. As a result, Defendant's enforcement activities of the '337 Patent via Amazon have caused, and continue to cause, immediate and irreparable harm to Plaintiff.

### The '337 Patent

15. The '337 Patent was filed on December 26, 2023, and issued on October 28, 2025. A true and correct copy of the '337 Patent is attached hereto as **Exhibit A**.

16. The '337 Patent is entitled "APPARATUS AND METHOD FOR EGG WASHING BRUSH" and generally discloses an egg washing brush apparatus to clean an individual egg, the apparatus comprising a deformable half egg-shaped shell comprising a plurality of bristle bands, a plurality of protrusions extending inward from the bristle bands and configured to contact an egg, and at least one drainage window in the half egg-shaped shell. *See* Exhibit A at Abstract.

17. The '337 Patent includes four independent claims and sixteen dependent claims. Claims 1 and 19 are directed to an apparatus for an easy-to-clean egg-washing brush, and claims 10 and 20 are directed to a method for cleaning an individual egg.

18. Upon information and belief, Defendant Goodegg Stuff LLC is the owner of the '337 Patent, as reflected in the USPTO's assignment records.

19. Defendant (or its representative) represented to Amazon in an executed Amazon Patent Evaluation Express Agreement that the "Patent Owner" is Tim Rowberry, which appears inconsistent with the USPTO assignment records. Plaintiff pleads these facts to preserve and clarify the chain of title and Defendant's representations to Amazon.

# COUNT I
### (Declaratory Judgment of Non-Infringement of the '337 Patent)

20. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

21. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's Accused Product infringes the '337 Patent, as evidenced by Defendant's enforcement activities (including its Amazon APEX submission) directed to the Accused Product. A judicial declaration is necessary to determine the parties' respective rights regarding the '337 Patent.

22. Plaintiff does not directly infringe, either literally or under the doctrine of equivalents, any claim of the '337 Patent, including at least independent claims 1, 10, 19, and 20. *See* **Exhibit C**.

23. Claim 1 of the '337 Patent requires, inter alia, a hand-held egg-washing brush apparatus comprising: (i) an isolated half egg-shaped shell with a perimeter rim defining an access opening to a fixed egg-washing cavity; (ii) an integral and inherently deformable material; (iii) a plurality of protrusions extending inward from the washing cavity and configured to contact an egg; and (iv) a self-contained, hand-operable apparatus with no hinge or mechanical parts.

24. The Accused Product does not meet at least these limitations. For example, claim 1 requires "an isolated half egg-shaped shell." The Accused Product instead has an overall contour of a cartoon chicken head rather than an egg-shaped shell, with raised external features (e.g., eyes, a beak, and a comb) that materially alter the claimed half egg-shaped configuration. Accordingly, at least this limitation is absent, and claim 1 cannot be met in full. *Id*.

25. Claim 1 also requires that the shell be "integral," i.e., formed as a single piece with no separable components. The Accused Product is not integral because, upon information and

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

belief, its comb is a separately molded component that is attached (e.g., glued) onto the main body. Accordingly, at least this limitation is also absent, and claim 1 is not infringed.

26. Because the Accused Product does not infringe independent claim 1, it likewise does not infringe the dependent claims that incorporate claim 1's limitations, including claims 2–4 and 6–7. In addition, claims 6–7 further require "bristle bands," which the Accused Product does not include.

27. The Accused Product also does not infringe the method claims. Independent claim 10 incorporates key limitations tied to the claimed egg-washing brush apparatus, including the "half egg-shaped shell," and for the same or similar reasons the Accused Product does not practice claim 10. Accordingly, the Accused Product likewise does not infringe claims 11–17, which depend from claim 10.

28. Moreover, claim 19 incorporates the "half egg-shaped shell" limitation of claim 1, and for the same or similar reasons the Accused Product does not meet that limitation. Claim 19 further requires that the deformable half egg-shaped shell "can be inverted to expose an interior surface of the egg washing brush and the bristle protrusions" for further cleaning. Upon information and belief, the Accused Product's protruding comb geometry and fixed attachment (including a separately molded comb affixed to the main body) prevent the Accused Product from being inverted during normal use in the manner required by claim 19. Accordingly, the Accused Product does not infringe claim 19.

29. The Accused Product does not infringe claim 20. Claim 20 recites, inter alia, "elevating the circular rim to invert the deformable egg washing brush, exposing an interior surface and the interior bristle protrusions." Upon information and belief, the Accused Product's protruding comb geometry and fixed attachment (including a separately molded comb affixed to

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

the main body) prevent the Accused Product from being inverted during normal use by elevating the circular rim as required by claim 20. Accordingly, the Accused Product does not practice the method of claim 20 and therefore does not infringe claim 20.

30. Doctrine of equivalents does not apply. Treating (i) a non-egg-shaped, cartoon chicken-head configuration as equivalent to the claimed "isolated half egg-shaped shell," or (ii) a multi-component body with a separately attached comb as equivalent to an "integral" shell, would vitiate express structural limitations and contravene the all-elements rule. The Accused Product operates with a materially different structure and overall configuration.

31. The Accused Product does not indirectly infringe the '337 Patent. Plaintiff has not induced infringement because it has not encouraged, instructed, or intended that customers practice every element of any asserted claim; its materials describe only non-infringing uses. Nor does Plaintiff contributorily infringe under 35 U.S.C. § 271(c), because the Accused Product is a staple article of commerce suitable for substantial non-infringing uses and is not especially made or adapted for any patented combination.

32. Defendant's baseless enforcement activities have caused, and continues to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted.

33. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the '337 Patent.

34. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe any asserted claims of the '337 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

35. Plaintiff is entitled to such other and further relief as the Court deems just and proper.

**COUNT II**
**(Declaratory Judgment of Invalidity of the '337 Patent)**

36. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

37. For purposes of the APEX enforcement at issue, Defendant identified Claim 1 as the "Patent Claim Number for Evaluation." Plaintiff therefore addresses Claim 1 in its invalidity allegations herein, without prejudice to Plaintiff's right to supplement its allegations should Defendant assert additional claims.

38. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '337 Patent, as evidenced by Defendant's enforcement activities of the '337 Patent against Plaintiff, as set forth above.

39. The claims of the '337 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including at least 35 U.S.C. §§ 102 and 103. *See* **Exhibit D.**

40. The Amazon product listing for Bakerpan Silicone Vegetable Scrubber, Potato and Fruit Brush, Egg Cleaner for Fresh Eggs (ASIN B074CPWYR9) ("Bakerpan Listing"), first available on Amazon by at least September 6, 2017, describes a hand-held silicone cleaning brush for cleaning eggs and vegetables, featuring sturdy silicone bristles designed to remove dirt and residue, an ergonomic grip, and dishwasher-safe, reusable construction. *See* **Exhibit E**.

41. U.S. Patent No. 2,602,945 to Wilde ("Wilde") discloses a power-operated egg cleaner and polisher with a rotary vertical axis, including an electric motor driving a vertical rotary shaft coupled to a rotary tubular shaft, an upper cup surrounding the cleaning area, and a

depressible, spring-supported rotary egg-holding brush receptacle containing cleaning media such as bristles or steel wool, configured so an egg is manually pressed into the rotating brush to clean and polish one half and then inverted to clean and polish the other half. *See* **Exhibit F**.

42. U.S. Patent No. 11,696,567 B2 to Yang et al. ("Yang") discloses a multifunctional soft pet paw cleaning cup including a cup body made of a soft material with an open end and an internal cleaning cavity, where multiple soft spikes extend inward toward the center from either the inner surface of the side wall or the bottom wall (or both), and the soft spikes and cup body are integrally formed from the same soft material. Yang further describes that the cup body can be deformed by hand during use to improve cleaning contact, and that the cup may include external anti-slip protrusions and may be reversible so the spikes face outward for grooming. *See* **Exhibit G**.

43. As set forth in Exhibit D, claim 1 of the '337 Patent is anticipated under 35 U.S.C. § 102 by the Bakerpan Listing because it discloses each limitation of claim 1, including a hand-held egg-washing brush apparatus having an isolated half egg-shaped shell with a perimeter rim defining an access opening to a fixed egg-washing cavity, formed of an integral and inherently deformable material, with a plurality of inward protrusions configured to contact an egg, and having no hinge or mechanical parts.

44. In the alternative, and at minimum, claim 1 is invalid under 35 U.S.C. § 103 as obvious over Wilde in view of Yang. Exhibit D explains that Wilde discloses an egg-cleaning head that is half egg-shaped and includes an annular perimeter rim defining an access opening to a fixed internal cavity, and that Yang teaches a one-piece, integral, inherently deformable cup body defining an internal cavity with multiple inward protrusions, operable by hand without hinges or mechanical parts. A person of ordinary skill in the art would have been motivated to combine

Wilde's egg-cleaning head geometry with Yang's integral deformable structure with inward protrusions to arrive at the claimed hand-held egg-washing brush apparatus, with a reasonable expectation of success.

45. To the extent Defendant contends that any dependent claims of the '337 Patent are asserted against Plaintiff, such claims are likewise invalid because they incorporate all limitations of claim 1 and therefore cannot be valid if claim 1 is invalid. Plaintiff further contends that any additional limitations recited in such dependent claims would have been disclosed in, taught by, or rendered obvious in view of the prior art identified in Exhibit D, alone or in combination, and the knowledge of a person of ordinary skill in the art at the relevant time.

46. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '337 Patent.

47. Plaintiff seeks a declaratory judgment that one or more claims of the '337 Patent are invalid under the patent laws of the United States, including at least 35 U.S.C. §§ 102 and 103, as set forth in Plaintiff's Invalidity Contentions.

48. Plaintiff is entitled to such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '337 Patent;

C. Declaring that the claims of the '337 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D.     A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E.     Awarding Plaintiff monetary relief, including damages, if any, as may be proven at trial and as permitted by applicable law;

F.     Awarding pre- and post- judgment interest; and

G.     Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: December 16, 2025

By: /s/ *Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiff***